IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT D. HARRISON,
        Plaintiff,

vs.                                    Case No. 5:12cv328/MMP/EMT

JOEY RABON,
Jackson County Sheriff Dept. Officer,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's second amended complaint filed pursuant to 42 U.S.C. § 1983 (doc. 28).  Leave to proceed in forma pauperis has been granted (doc. 4).

        Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car

Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, this court concludes that dismissal is warranted.

Named as the sole Defendant is Officer Joey Rabon of the Jackson County Sheriff's Department (doc. 28 at 2). Now an inmate of the Florida Department of Corrections ("DOC"), Plaintiff alleges that on October 9 or 10, 2010, he was residing in Jackson County while serving a 24-month probationary sentence (*id.* at 5). He alleges that at approximately 4:30 a.m., officers from the Jackson County Sheriff's Department and Plaintiff's probation officer, Charles Hollister, entered his home without a warrant or consent, and in the absence of exigent circumstances (*id.* at 5–8). He alleges that, while Mr. Hollister was talking to him and his wife in the living room, officers began searching the kitchen (*id.* at 5). Plaintiff then states that Mr. Hollister went into their bedroom while the officers detained him and his wife in the living room (*id).* Plaintiff alleges Mr. Hollister returned to the living room and showed the officers pictures he had taken on his cell phone of "objects and material of ingredients [sic] to make meth" (*id.*). Plaintiff alleges the officers then led him and his wife out of their home and arrested Plaintiff (*id*. at 6). Approximately forty-five minutes later, officers asked Plaintiff and his wife if they could search the home, but they refused (*id.*). Plaintiff alleges he and his wife were then detained approximately four to five hours until the officers obtained a search warrant (*id.*).

Plaintiff claims that the officers, evidently including Defendant Officer Joey Rabon, by illegally entering his home, searching his home, and detaining him, violated his rights under the Fourth and Fourteenth Amendments (*id.* at 7–8). He requests monetary damages for the alleged violations.

The court takes judicial notice of information available on the database maintained by the Jackson County Clerk of Court, viewed April 18, 2014, http://www.jacksonclerk.com/, which reveals Plaintiff was arrested on October 9, 2010, in Case No. 2010-CF-000646, on charges of manufacture of a controlled substance and use or possession of drug paraphernalia.[1] Plaintiff filed a motion to

---

[1] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are

suppress evidence obtained from the officers' search and a motion to quash the search warrant. The trial court denied the motions. Plaintiff pleaded no contest to the charges on April 19, 2011, and was sentenced to time served on the possession of paraphernalia counts, and five years of imprisonment on the manufacture of a controlled substance count. Plaintiff appealed the judgment and specifically from the denial of his motions to quash and to suppress. His judgment and sentence were affirmed by the Florida First District Court of Appeal, Case No. 1D11-2312, on January 18, 2012. *See* Harrison v. State, 77 So. 3d 1259 (Fla. 1st DCA 2012) (Table). In his second amended complaint, and evidently in response to this court's earlier order to amend, Plaintiff corroborates what is already apparent from the above facts by stating: "The factual basis for the conviction that Mr. Harrison is now serving was the discovery of evidence during the illegal entry and search by Defendant Rabon and other officers of the Jackson County Sheriff's Department" (*id.* at 6).

## DISCUSSION

Although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus. Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may

---

public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

Case No: 5:12cv328/MMP/EMT

place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims, which are in the nature of habeas corpus claims, are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

In the context of Fourth Amendment claims, the Eleventh Circuit has held that, "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (emphasis added). All Fourth Amendment claims, however, do not fit the exception to Heck, and the court "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted" to determine whether the claims necessarily imply the invalidity of the conviction. Id. at 1160 n.2. Where it can be concluded that, but for the execution of a search, an illegal substance would not have been discovered, a conviction relative to that seized substance would be necessarily undermined by a successful Fourth Amendment claim against that search. See Weaver v. Geiger, 294 F. App'x 529, 533 (11th Cir. 2008) (unpublished opinion) (finding that Heck barred Fourth Amendment claim where plaintiff's conviction for possession with intent to distribute methadone derived from search under warrant which, if proven unconstitutional, would have undermined the validity of an essential element of the offense for which plaintiff was found guilty); Baxter v. Crawford, 233 F. App'x 912, 915–16 (11th Cir. 2007) (unpublished opinion) (finding Fourth Amendment claim barred by Heck where cocaine found in plaintiff's residence would not have been discovered without the execution of a search warrant).[2]

In this case, if Plaintiff were successful on his Fourth Amendment claim, it would necessarily undermine his conviction. Plaintiff states as much in his declaration that the "factual basis" for his

---

[2] Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority. See 11th Cir. R. 36-2.

conviction was the discovery of the methamphetamine and paraphernalia during the search he now challenges.  Indeed, immediately after Plaintiff's motion to suppress and motion to quash were denied, he entered his plea of no contest to the charges.  It therefore stands to reason that, should Plaintiff succeed in establishing the invalidity of the search, the lynchpin element of the charges against him would be destroyed, and Plaintiff's conviction would necessarily be called into doubt.  Moreover, Plaintiff claims no actual, compensable injury outside the fact of the allegedly invalid search itself.  His claimed injury appears wholly derived from the fact of the search and its eventual result of his arrest and conviction.  "As the Supreme Court noted, the most obvious example of an action barred by Heck is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'"  Hughes, 350 F.3d at 1160 (quoting Heck, 512 U.S. at 487 n.6, 114 S. Ct. at 2372 n.6).  The type of damages Plaintiff seeks strikes at the very heart of what Heck was intended to avoid: the use of civil rights or other such civil actions to seek redress for convictions that have yet to be invalidated through habeas corpus or other such proper avenues for relief.  Heck therefore bars this claim.

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 18th day of April, 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 5:12cv328/MMP/EMT